# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRITTERS OF THE CINEMA, INC.,** a California Corporation,<br><br>Plaintiff<br><br>v.<br><br>**NESTLE PURINA PETCARE CO.,** a Missouri corporation, and DOES 1 through 20, inclusive,<br><br>Defendants | CASE NO. 1:16-CV-0123 AWI JLT<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

This case arises from a contractual dispute between Plaintiff Critters of the Cinema, Inc. ("Critters") and Defendant Nestle Purina Petcare Co. ("Nestle").  Nestle canceled a contractual agreement whereby Critters provided and trained specific types of cats for the advertising of Nestle's "Fancy Feast" brand cat food.  Critters filed suit in the Kern County Superior Court and alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with prospective economic advantage.  On March 1, 2016, following removal to this Court, Nestle filed a motion to change venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).  See Doc. No. 12.  Critters has opposed the motion and contends that venue should not be changed to the Eastern District of Missouri.  See Doc. No. 21.  On April 5, 2016, the Court took Nestle's motion under submission.

Upon review, an additional venue other than the Eastern District of California or the Eastern District of Missouri may be appropriate and convenient in this case.  Critters and its cats are located in Lake Hughes, California, and Lake Hughes is located in the Central District of California.  Therefore, it appears that many of the services provided by Critters to Nestle, as well

as the conduct related to the tortious interference claim, would have occurred in the Central District of California.

A transfer of venue under § 1404(a) may be accomplished by a court *sua sponte*. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); Pavao v. Unifund CCR Partners, 934 F.Supp.2d 1238, 1242 (S.D. Cal. 2013); Engel v. CBS, Inc., 886 F. Supp. 728, 729-30 (C.D. Cal. 1995); see also Union Elec. Co. v. Energy Ins. Mut., Ltd., 689 F.3d 968, 971 (8th Cir. 2012). Before a court *sua sponte* transfers a case under § 1404(a), the court must first give the parties "the opportunity to present their views on the issue." Costlow, 790 F.2d at 1488; Pavao, 934 F.Supp.2d at 1242; Engel, 886 F.Supp. at 729-30. In accordance with *Costlow*, the Court will give the parties the opportunity to present their views on whether this case should be transferred to the Central District of California under § 1404(a). See id.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten (10) days of service of this order, the parties shall submit supplemental briefing and evidence (if appropriate) on the issue of whether this case should be transferred to the Central District of California, pursuant to 28 U.S.C. § 1404(a); and
2. Within seven (7) days of submission of the supplemental briefing, the parties shall file replies to the supplemental briefing.[1]

IT IS SO ORDERED.

Dated:   May 6, 2016

_____
SENIOR DISTRICT JUDGE

---

[1] At this time, the Court does not intend to hold an oral argument. If the Court determines that a hearing would be helpful after it has reviewed all of the supplemental briefing, the Court at that time will set a hearing. Otherwise, the matter will be decided on the papers. See Local Rule 230(g).

2